**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6494

KEITH BARKLEY,

                Plaintiff - Appellant,

        v.

STATE OF MARYLAND; TYRONE CROWDER, Warden; PAUL LEE;
M.R.D.C.C.; D.P.S.C.S.,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  George L. Russell, III, District Judge.
(1:14-cv-00957-GLR)

Submitted:  August 25, 2015          Decided:  October 14, 2015

Before KEENAN, WYNN, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Keith Barkley, Appellant Pro Se.  Nichole Cherie Gatewood,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Keith Barkley appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2012) complaint. Barkley asserts that the district court erred in granting Defendants' motion to dismiss. We affirm in part, vacate in part, and remand.

Defendant Paul Lee was not served in the district court and did not move to dismiss the action. The district court dismissed Barkley's claims against Lee as untimely. "[T]he statute of limitations is an affirmative defense, meaning that the defendant generally bears the burden of affirmatively pleading its existence." Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 (4th Cir. 2006). Only in limited circumstances, such as when it "evaluat[es] a complaint filed in forma pauperis pursuant to § 1915," may the district court consider a statute of limitations defense sua sponte. Id. at 656. Here, because this action was filed in forma pauperis pursuant to 28 U.S.C. § 1915 (2012), sua sponte consideration of timeliness was permissible.

Nevertheless, the record does not show that the district court complied with Fed. R. Civ. P. 4 before dismissing the claims against Lee. "If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action

2

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). If the plaintiff can show good cause for his failure to serve, "the court must extend the time for service for an appropriate period." Id. Accordingly, we conclude that prior to dismissing Barkley's claims against Lee, Barkley is entitled to an opportunity to show good cause for failure to serve.

We have reviewed the record and find no reversible error as to the dismissal of Barkley's remaining claims against the State of Maryland, the Department of Public Safety and Correctional Services, the Maryland Reception Diagnostic and Classification Center, and Warden Tyrone Crowder. Accordingly, we vacate and remand the district court's judgment dismissing Barkley's claim against Lee, but affirm as to the remaining defendants for the reasons stated by the district court. Barkley v. Maryland, No. 1:14-cv-00957-GLR (D. Md. Mar. 25, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED